## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**EARSHEL PREECE,**
**Claimant Below, Petitioner**

**vs.)    No. 20-1018** (BOR Appeal No. 2054850)
                    (Claim No. 2018001321)

**ARACOMA COAL COMPANY, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Earshel Preece, by counsel Kenneth P. Hicks, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Aracoma Coal Company, Inc., by counsel Sean Harter, filed a timely response.

The issue on appeal is permanent partial disability impairment due to occupational pneumoconiosis. The claims administrator granted a 15% permanent partial disability award on March 2, 2018. On October 25, 2019, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and granted a 0% permanent partial disability award. This appeal arises from the Board of Review's Order dated November 19, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Preece was an employee of Aracoma Coal Company, Inc., for over thirty years. As an underground coal miner, surface coal miner, and foreman, he was exposed to coal dust and other industrial dust hazards during his career. After experiencing shortness of breath and cough for several years, Mr. Preece treated at Three Rivers Medical Clinic on March 30, 2016, April 5, 2016, and April 13, 2017, for wheezing. He was diagnosed with acute bronchitis. Mr. Preece's bronchitis was so severe that he underwent pulmonary function studies at the Bluestone Health Center on May 11, 2017. Testing indicated normal forced air capacity ("FVC") of 3.65 liters (85% of predicted), normal forced expiratory volume in one second ("FEV1") of 2.58 liters (79% of predicted) results, and an abnormal FEV1/FVC ratio of 71, which represents pulmonary impairment between 10% and 15%, pursuant to West Virginia Code of State Rules § 85-20-A. During testing at Bluestone Health Center, Mr. Preece was unable to physically complete the test. Debbie Johnson, LPN, noted in the test report that she stopped testing due to his difficulties performing during testing. It was eventually concluded that additional pulmonary function testing would be needed to determine true impairment.

Mr. Preece underwent additional pulmonary function studies at CAMC's Occupational Lung Center on January 4, 2018. The report indicates the FVC was 87% of predicted, the FEV1 was 85% of predicted, and the FEV1/FVC ratio was 74. Diffusion studies revealed a DLCO of 79% of predicted and DLVA of 91% of predicted. Mr. Preece filed his occupational pneumoconiosis claim, and the claims administrator held the claim compensable subject to the presumption. Thereafter, he was referred to the Occupational Pneumoconiosis Board ("O.P. Board").

The O.P. Board issued findings on January 4, 2018, indicating that Mr. Preece had a thirty-eight-year history of exposure to dust as an underground and surface coal miner. His x-rays were interpreted as showing insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. The O.P. Board determined that Mr. Preece had 15% pulmonary impairment based on diffusion studies at Bluestone Health Center on May 11, 2017. By Order dated March 2, 2018, the claims administrator granted Mr. Preece a 15% permanent

partial disability award based upon the O.P. Board's findings of January 4, 2018. Aracoma Coal Company, Inc., protested the claims administrator's decision.

Mr. Preece underwent spirometry studies at the Occupational Lung Center on July 13, 2018. The pre-bronchodilator FVC was 88% of predicted, and the post-bronchodilator FVC was 89% of the predicted value. The pre-bronchodilator FEV1 was 89% predicted, and the post-bronchodilator FEV1 was 95% of predicted. The pre-bronchodilator FEV1/FVC ratio was 76, and the post-bronchodilator FEV1/FVC ratio was 81.

Three members of the O.P. Board testified at a hearing held on September 4, 2019. John Willis, M.D., the O.P. Board's radiologist, testified that he had interpreted the x-ray taken of Mr. Preece's chest on January 4, 2018, as revealing, "no evidence of occupational pneumoconiosis." Dr. Willis added that this was not a close case of occupational pneumoconiosis, and that he made a finding of fact that there was insufficient x-ray evidence of occupational pneumoconiosis upon which to diagnose the disease. Jack L. Kinder, M.D., Chair of the O.P. Board, and member Mallinath Kayi, M.D., testified that they agreed with Dr. Willis's x-ray findings. In addition to determining that Mr. Preece did not have occupational pneumoconiosis, Dr. Kinder made a finding that he did not have any permanent pulmonary impairment, which was a change of opinion from the 15% pulmonary impairment finding made by the O.P. Board on January 4, 2018. The primary evidentiary basis for the O.P. Board's change of opinion was the test from CAMC Occupational Lung Center dated July 13, 2018, which is the most recent report of record. Dr. Kinder stated that occupational pneumoconiosis is a permanent disease that does not improve over time or with the administration of bronchodilator medication. However, in this case, Mr. Preece's pulmonary function improved.

Regarding Bluestone Health Center's pulmonary function study dated May 11, 2017, Dr. Kinder testified that there were problems with Mr. Preece's test performance, and that the O.P. Board had previously overlooked the comments provided on the test report noting his poor performance and the test administrator's difficulty in getting his cooperation. Dr. Kinder further testified that the tracings attached to the pulmonary function study supported the previously overlooked comments regarding test performance and cooperation problems, and that the test results did not accurately reflect Mr. Preece's actual pulmonary function. Dr. Kayi testified that he agreed with the testimony adduced from Drs. Kinder and Willis.

In a Final Decision dated October 25, 2019, the Office of Judges reversed the claims administrator's March 2, 2018, Order and granted Mr. Preece a 0% permanent partial disability award due to occupational pneumoconiosis. The Office of Judges concluded that the O.P. Board believed that it's prior recommendation of a 15% whole person impairment was made in error and that Mr. Preece did not establish that he had pulmonary impairment or a diagnosis of occupational pneumoconiosis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the 0% permanent partial disability award on November 19, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The O.P. Board testified that there is insufficient evidence to justify a

3

diagnosis of occupational pneumoconiosis in the claim. The original 15% impairment recommendation was based upon invalid studies. The most recent test report of record from CAMC's Occupational Lung Center dated July 13, 2018, contained completely normal results. The O.P. Board correctly determined that Mr. Preece has no diagnosis of occupational pneumoconiosis and no pulmonary impairment due to occupational pneumoconiosis.

Affirmed.

**ISSUED: February 1, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton